UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DUANE MOORE,

<table>
<tr><td>                Plaintiff,</td><td>**AMENDED COMPLAINT**</td></tr>
<tr><td>     -against-</td><td>Index No.: 09-CV- 2031<br>J. Bianco</td></tr>
</table>

THE COUNTY OF SUFFOLK, THE TOWN OF
SOUTHHAMPTON, MARK EPLEY in his official
capacity as Mayor of the Village of Southampton,
and WILLIAM WILSON, JR., in his official
capacity as Chief of Police of the Southampton
Village Police Department.

                        Defendants.
-----------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This action is initiated by plaintiff, DUANE MOORE, seeking compensatory,

declaratory and injunctive relief against the County of Suffolk, the Town of Southampton,

Village of Southampton and all executive officers thereto, declaring Article I, Chapter § 428 of

the Suffolk County Local Law (hereafter "Suffolk County Local Law § 428") and Article I,

sections 215-1 through 215-5, inclusive, of the Code of the Town of Southampton,

unconstitutional and enjoining defendants from enforcing it.  Suffolk County Local Law § 428-

1(E) prohibits "all registered sex offenders" under New York State's Sex Offender Registration

Act (SORA) from "residing within a quarter mile of any school, licensed day-care center or

playground."  The Residency Restrictions as defined by Suffolk County Local Law § 428-2,

define a playground as "any public land designated for recreational or athletic purposes by any

school district, library district, or by the County of Suffolk or any town or village located wholly

within the County of Suffolk."  The code of the town of Southampton, sections 215-1 through

215-5 makes it unlawful for any "sex offender" to reside within "one mile of any school…that does not fund transportation services to school for students living within one mile of their respective school." And further makes it unlawful for a "sex offender" to reside within 2000 feet of any school that does offer transportation services for students living within one mile of their school. Further the code makes it unlawful for any "sex offender" to reside within 2000 feet of any "child care facility or municipal recreation facility." These laws amount to a sentence of banishment from the County of Suffolk, and the Town of Southampton for persons previously convicted of a sex-related crime.

## JURISDICTION and VENUE

2.      This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is founded upon 28 U.S.C. §§1343 and 1331 because this is a civil action arising under the Constitution, laws, or treaties of the United States and because it asserts claims alleging violations of federally guaranteed rights. This Court has authority pursuant to 28 U.S.C. §2201 to provide appropriate declaratory relief as to matters within its jurisdiction.

3.      Each of the defendants resides within this judicial district and all defendants reside in the State of New York.

4.      Pursuant to 28 U.S.C. § 1391 (b), venue in the Eastern District of New York is appropriate because at least one of the defendants resides in this judicial district and all of the defendants reside in the State of New York and because a substandard pert of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

A. Plaintiff

5.        Plaintiff (hereafter "Mr. Moore") is an adult male, currently classified as a Level 3 Sex Offender residing in Suffolk County.  Mr. Moore is specifically named as plaintiff in this suit.

B. Defendants

6.        Defendant The County of Suffolk is a municipal corporation and one of the counties of the State of New York and resides within this judicial district.

7.        Defendant The Town of Southampton is a municipal corporation and resides within this judicial district.

8.        MARK EPLEY is the Mayor of the Village of Southampton and the Chief Executive Officer of that Village and resides within this judicial district.

9.        WILLIAM WILSON, JR. is the Chief of Police of the Southampton Village Police Department, is responsible for the enforcement of Suffolk County Local Law § 428, and resides within this judicial district.

## INTRODUCTION

10.        The Suffolk County Ordinance in question applies to all sex offenders.  Upon information and belief, on or about February 8, 2007, Mr. Moore was served with a "Notice of Violation" letter from defendant Police Chief William Wilson, Jr. (hereafter "WILSON") stating that Mr. Moore was in violation of Suffolk County Law #12-2006 and that he would be expected to take "immediate action" to comply with the law by departing his home which he had purchased and which was approved by defendants.

11.     Mr. Moore currently owns property in the Town of Southampton which he is currently prohibited from residing in because of both the Suffolk County law and the Town of Southampton law.

## STATEMENT OF FACTS

12.     DUANE MOORE is fifty-one (51) years of age and currently maintains a residence in an apartment located in Southampton, New York.  He is currently classified as a Level 3 Sex Offender, under New York State's Sex Offender Registry.

13.     The crimes which led Mr. Moore to be classified as a sex offender took place prior to 1983.  He was incarcerated for 20 years.

14.     While incarcerated, Mr. Moore earned his High School Diploma, overcame addictions to drugs and alcohol and earned three college degrees as follows; an AAS degree in Business Administration and Accounting (4.0 GPA from Ulster Community College); an AAS degree in Computer Information Systems (Sullivan County Community College) and, a BA in Business Administration and Computer Information Systems, (Marist College).  At Suffolk County Community College, Mr. Moore was Class Valedictorian with a 4.0 GPA.  While at Marist College, he maintained a 3.97 GPA and graduated Summa Cum Laude Class Valedictorian.

15.     After graduating from college, Mr. Moore worked for the Department of Corrections as a computer analyst, computer programmer and network engineer.  Upon his Parole on November 2, 2001, Mr. Moore moved in with his Aunt, Denise Michaelback who resided at 26 Cherry Street in Calverton, NY 11933.  As a term of his parole, Mr. Moore was fitted with an ankle bracelet that tracked his movements and a breathalyzer that conducted sobriety tests every hour.  Further, he underwent drug counseling, AA meetings, and sex

offender therapy groups.    Additionally, it was understood that parole officers would make frequent visits to his home and enforce a 7:00 PM curfew.

16.        On November 13, 2001, just twelve (12) days after his release from prison, Mr. Moore obtained employment at Twin Forks Office Products located at 946 West Main Street, Riverhead, NY 11901.  At that time, Mr. Moore was not permitted to drive.  As a result, he rode his bicycle to work every day for a year, many times in the rain, sleet and snow.

17.        On January 5, 2002, Mr. Moore purchased a mobile home in Wading River, NY [1570 Wading River Manor Road, (Unit 17) Wading River, NY 11792].  The school was notified of Mr. Moore's presence in the community.    Neighbors and parents were notified and community meetings were held.    The story was on the front page of the Wading River Community Journal.

18.        On November 2, 2002, Mr. Moore sold his mobile home and purchased a smaller home (Unit 5), which was located in the same mobile home park in Wading River, NY 11792. In January 2003, he purchased a third mobile home (Unit 9) and again sold the previous home (Unit 5).  In September of 2003, Mr. Moore met his fiancé, a Board Certified Pediatrician.  Mr. Moore's fiancé owns and operates a pediatric office in Southampton, NY.

19.        In December of 2003, Mr. Moore started his own computer company called Hampton Networks as a part time endeavor.  On April 27, 2005, Mr. Moore and his fiancé purchased their first house located at 444 North Sea Road, Southampton, NY 11968.  The home was perfectly situated in a commercial area, on a highway, and not in a neighborhood.  Mr. Moore paid his fiancé half the down payment for the house, which was deeded in her name. Prior to moving in, New York State enacted a law stating Sex Offenders on probation or parole could not live within 1000 feet of a day care or school and, unfortunately for Mr. Moore and his

fiancé, there was a Home Day Care Center down the road from their new home.  Despite numerous requests from Mr. Moore and his fiancé, Mr. Moore's Parole Supervisor would not permit the couple to move into the house.

20.      In October 2006, Mr. Moore found a house for sale located at 99 Miller Road in Southampton.  Mr. Moore contacted his parole officer and, pursuant to SORA, requested permission to purchase the house.  His parole officer explored the location and granted Mr. Moore verbal permission to purchase 99 Miller Road, Southampton, New York.

21.      After retaining a law firm to represent him in the purchase of 99 Miller Road, Southampton, NY, Mr. Moore closed on the purchase of his home on December 15, 2006.  Mr. Moore and his fiancé moved into the home on December 22, 2006, and his Parole Officer changed his Parole Conditions to reflect the change of address to 99 Miller Road, Southampton, NY 11968.

22.      On January 3, 2007, Mr. Moore registered his new address with the New York State Division of Criminal Justice Services, Sex Offender Registry.  On January 5, 2007, Mr. Moore visited the Southampton Police Department at 151 Windmill Lane, Southampton, NY 11968 and met with Detective Herman Lamison.  As required, Mr. Moore informed Detective Lamison that he was a Level 3 Sex Offender and due to his newly approved and purchased residence at 99 Miller Road, Southampton, NY, he needed to register as a sex offender.  He provided Detective Lamison the names and addresses of his parole officer, employer, family and friends as well as his previous address and police jurisdiction.

23.      On January 22, 2007, the Southampton School District sent a letter to the parents of school children, containing the plaintiff's photograph and details from a website informing them that a dangerous level 3 sex offender had moved to Southampton.

24.   In January 2007, Mr. Moore's employer contacted his Congressional Representative and filed a complaint stating that NYS Parole Officers were being abusive and that Mr. Moore was in jeopardy of losing his job. This complaint triggered an Internal Affairs Investigation into operations at the Farmingdale Parole Office. A New York State investigator interviewed several witnesses and requested a signed affidavit from Mr. Moore.

25.   On January 29, 2007, Southampton Mayor and defendant in this case, Mark Epley, Southampton Village Police Department Chief and defendant in this case, William Wilson, Jr., County Legislator Jay Schneiderman, and approximately fifty (50) Southampton residents held a community meeting at a local Church to discuss Mr. Moore's residence at 99 Miller Road.

26.   On February 1, 2007, three officers of the New York State Division of Parole burst into Mr. Moore's home at 99 Miller Road with bulletproof vests and guns. It was Mr. Moore's birthday, and the Mr. Moore, his fiancé and friends were having ice cream and cake. All visitors were questioned, forced to leave, and the house was searched extensively.

27.   On February 8, 2007, Mr. Moore received a certified letter from defendant Wilson, stating that Mr. Moore was in violation of Suffolk County Law #12-2006 and that he would be expected to take "immediate action" to comply with the law. On February 8, 2007, Mr. Moore retained an attorney to negotiate a resolution with the Southampton Police Department and the NYS Division of Parole.

28.   On February 8, 2007, The Southampton Press wrote a front-page story about the controversy over Mr. Moore's residence at 99 Miller Road. On February 13, 2007.

29.     On or about March 19, 2007, Mr. Moore was granted permission from the Division of Parole to purchase the property located at 168 Longview Road, Southampton, NY 11968.

30.     On or about April 1, 2007, Southampton Police Department gave him 45 days to move from Miller Road.

31.     On May 8, 2007, Mr. Moore purchased the property located at 168 Longview Road, in Southampton, NY 11968.   On May 15, 2007, he moved from 99 Miller Road, Southampton, NY to 168 Longview Road, Southampton, NY 11968.

## SUFFOLK COUNTY ORDINANCE

32.     The Suffolk County Legislature adopted Suffolk County Local Law § 428, also known as Suffolk County Local Law #12-2006, on or about February 7, 2006 through the adoption of Local Law #12-2006, Suffolk County Local Law § 428 provides as follows:

Ordinance entitled Chapter 428, Sex Offenders.  Part 1, Residency and Other Restrictions.

ARTICLE 1   Residency Restrictions.

§ 428-1        Legislative intent

A.
This Legislature hereby finds and determines that sex offenders pose an unreasonable threat to the safety and well-being of children.

B.
This Legislature also finds and determines that the County of Suffolk has gone to great lengths to protect the children of this County from sex offenders, such as requiring certain sex offenders to wear ankle bracelets so that law enforcement can determine their whereabouts.

C.
This Legislature further finds and determines that information is currently available to the public regarding these high-risk offenders, which information is available through the internet and other sources.

D.

This Legislature finds that it is imperative that the County of Suffolk takes all steps necessary to protect the most vulnerable residents of the County.

E.

Therefore, the purpose of this article is to restrict all registered sex offenders from residing within 1/4 of a mile of any school, licensed day-care center or playground.

Definitions.

As used in this chapter, the following terms shall have the meanings indicated:

DAY-CARE CENTER
> Any program or facility caring for children for more than three hours per day per child, as those terms are defined in § 390 of the New York Social Services Law.

HOUSING ACCOMMODATION
> Any building, structure, or portion thereof which is used or occupied or is intended, arranged or designed to be used or occupied as the home, residence or sleeping place of one or more human beings.

LOITER
> To remain in a certain place for no apparent reason or purpose.

PLAYGROUND
> Any public land designated for recreational or athletic purposes by any school district, library district, or by the County of Suffolk or any town or village located wholly within the County of Suffolk.

PUBLIC SWIMMING POOL
> A swimming pool operated by the County of Suffolk or any town or village located within the County of Suffolk, for the use of the general public, with or without charge.

REGISTERED SEX OFFENDER
> Any person who has been convicted of an offense and is registered with the State Division of Criminal Justice Services pursuant to the provisions of Article 6-C of the New York Correction Law.

SCHOOL
> Any institution, building or structure used for teaching children or imparting an education.

SHELTER
> Any residential facility providing temporary housing, for which such temporary use and occupancy of the housing facilities the owner or primary tenant of the property receives compensation, either directly from the temporary occupant or through reimbursement from a third party on behalf of such temporary occupant, or both.

VIDEO ARCADE
> Any premises where 10 or more video game machines or devices are operated.

VIDEO GAME MACHINE
> Any mechanical amusement device, which is characterized by the use of a cathode ray tube display and which, upon the insertion of a coin, slug, or token in any slot or receptacle attached to or connected to the machine, may be operated for use as a game, contest or amusement.

YOUTH CENTER
> Any public or private facility that is primarily used to host recreational or social activities for minors.

§ 428-3        Residence limitations.

A.

It shall be unlawful for all registered sex offenders to reside within 1/4 mile of the property line of any school, including, but not limited to, any public or private nursery, elementary, middle or high school; or a licensed day-care center; or a playground. [Amended 12-5-2006 by L.L. No. 64-2006]

B.

No shelter or housing accommodation shall permit or cause the placement of any registered sex offender if such shelter or housing accommodation is within 1/4 mile of the property line of any school, including, but not limited to, any public or private nursery, elementary, middle or high school; or a licensed day-care center; or a playground. [Amended 12-5-2006 by L.L. No. 64-2006]

C.

The residence prohibition established by this section shall remain in effect for as long as the offender is classified as a registered sex offender.

§ 428-4        Exceptions.

A.

The provisions of this article shall not apply to any registered sex offenders who have established a residence prior to the effective date of this article.

B.

The provisions of this article shall not apply if a public or private nursery, elementary, middle or high school, or a licensed day-care center, or a playground is newly constructed and is within 1/4 mile of the residence of a registered sex offender who has previously established a residence in that location.

C.

The provisions of this article shall not apply to any registered sex offender who is required by court order to reside at a certain location.

§ 428-5        Penalties for offenses.

A registered sex offender who violates the provisions of this article shall be guilty of an unclassified misdemeanor punishable by no more than one year in jail.

Article II, Other Restrictions

§ 428-8        Loitering prohibition.

It shall be unlawful for any sex offender who has been given a Level 2 or Level 3 designation, pursuant to the New York Sex Offender Registration Act, to loiter within 100 feet of any playground, day-care center, public swimming pool, video arcade or youth center.

§ 428-9        Penalties for offenses.

A Level 2 or Level 3 sex offender who violates the provisions of this article shall be guilty of an unclassified misdemeanor punishable by no more than one year in jail.

33.      Upon information and belief, this ordinance was adopted on or about February 7, 2006 through the adoption of Local Law #12-2006.

34.      The penalty for violations of Suffolk County Local Law § 428 include an unclassified misdemeanor punishable by incarceration for a period of up to one year, as seen in Sections 428-5 and 428-9 of the Suffolk County Local Law.

35.      Although the Suffolk County Legislature has represented that an individual violating Suffolk County Local Law § 428 would be guilty of a "violation," upon information

and belief, pursuant to NY Penal Law § 55(2)(c), such an offense must be deemed an unclassified misdemeanor.

36.    Suffolk County Local Law § 428 applies to sex offenders registered at any sex offender level including Level 1, Level 2 and Level 3.

## SOUTHAMPTON TOWN ORDINANCE

37.    ARTICLE 1          Residency Restrictions (§ 225-1 - § 215-5)

[Adopted 10-23-2007 by L.L No. 51-2007; Amended in its entirety 12-11-2007 by L.L. No. 60-2007]

§ 215-1          Definitions.

As used in this chapter, the following terms shall have the meanings indicated:

CHILD-CARE FACILITY
     Any licensed and/or registered child day-care center, group family day-care home or family day-care home, all as defined by the New York State Social Services Law.

HOUSING ACCOMMODATION
     Any building, structure, or portion thereof which is used or occupied or is intended, arranged or designed to be used or occupied as the home, residence or sleeping place of one or more human beings.

LIBRARY
     Any public library, association library, or free library as defined in § 253 of Article 5 of the New York State Education Law.

MUNICIPAL RECREATIONAL FACILITY
     Any parcel, or combination of parcels, of property, including all structures situated on whole or in part thereon, located wholly or partially within the Town of Southampton, owned by the Town of Southampton, County of Suffolk, or any municipal government or nonprofit agency or organization which is used for one or more of the following uses: library, Children's Museum of the East End located at 376 Bridgehampton/Sag Harbor Turnpike, Hamlet of Bridgehampton, Town of Southampton, County of Suffolk, State of New York, playground, park, athletic field, recreation center, community center, beach, or swimming area.

RESIDE
> The place where a person sleeps, which may include more than one location, and may be mobile or transitory.

SEX OFFENDER
> Any person who has been convicted of an offense and is required to be registered with the State Division of Criminal Justice Services pursuant to the provisions of Article 6-C of the New York State Correction Law and had received a Level 2 or Level 3 designation as defined under Article 6-C of the New York State Correction Law.

SCHOOL
> Any building, structure or facility that is licensed by the State of New York Department of Education and utilized to provide public or nonpublic elementary or secondary educational instruction.

SCHOOL DISTRICT
> Public educational organization established, organized or continued under Article 31 of the New York State Education Law.

§ 215-2        Residence Limitation.

A.
It shall be unlawful for any sex offender to reside in a housing accommodation located within:

> (1)
> One mile of any school located in any school district that does not offer and fund transportation services to school for all students living within one mile of their respective school; or

> (2)
> Two thousand feet of any school located in any school district that does not offer and fund transportation services to school for all students living within one mile of their respective school; or

> (3)
> Two thousand feet of any child-care facility or municipal recreational facility as defined within the chapter.

B.
No person shall permit, allow, fund, facilitate, or cause a sex offender to reside in a housing accommodation if such housing accommodation is within:

<u>(1)</u>

One mile of any school located in any school district that does not offer and fund transportation services to school for all students living within one mile of their respective school; or

<u>(2)</u>

Two thousand feet of any school located in any district that does not offer and fund transportation  services t school for all students living within one mile of their respective school; or

<u>(3)</u>

Two thousand feet of any child-care facility or municipal recreational facility as defined within this chapter.

<u>C.</u>

The residence limitations established by this chapter shall remain in effect for as long as the sex offender is required to register as a sex offender pursuant to the provisions of Article 6 of the New York State Correction Law.

§ 215-3      <u>Exceptions.</u>

<u>A.</u>

The provisions of this chapter shall not apply to any sex offender who has established a residence in a housing accommodation prior to the effective date of this chapter for such period of time that the sex offender continuously maintains his residence within the same housing accommodation location.

<u>B.</u>

The provisions of this chapter shall not apply to any sex offender who has established a residence in a housing accommodation prior to a school being newly constructed, newly established or newly located within one mile of the housing accommodation if the school is located in a school district that does not offer and fund transportation services to school for all students living within one mile of their respective school for such period of time that the sex offender continuously maintains his residence in the same housing accommodation location.

<u>C.</u>

The provisions of this chapter shall not apply to any sex offender who has established a residence in a housing accommodation prior to a school being newly constructed, newly established or newly located within 2000 feet of the housing accommodation that does offer and fund transportation services to school for all students living within one mile of their respective school for such period of time that the sex offender continuously maintains his residence in the same housing accommodation location.

D.

The provision of this chapter shall not apply to any sex offender who has established a residence in a housing accommodation prior to a child-care facility or municipal recreational facility being newly designated or newly established which is located within 2000 feet of the established housing accommodation for such period of time that the sex offender continuously maintains his residence in the same housing accommodation location.

E.

The provisions of this chapter shall not apply to any sex offender who is required by court to reside at a court-specified location.

F.

The provisions of this chapter shall not apply to any sex offender who resides at a hospital or nursing home as defined by § 2801 of the New York State Public Health Law.

§ 215-4          Penalties for offenses.

A.

A person who violates the provisions of this chapter shall be guilty of an unclassified misdemeanor punishable by a fine of not less than $1,000 or imprisonment for a period not to exceed one year, or both.

B.

Each week's continued violation of the provisions of this chapter shall constitute a separate and additional violation of the provisions of this chapter.

§ 215-5          Calculation of distances.

All distances shall be measured and calculated from the closest point on any property boundary of the parcel of property where the sex offender's housing accommodation is located to the closest point on any property boundary of the parcel of property where a school, child-care facility or municipal recreational facility is located, as shown on the annual Suffolk County Real Property Tax Map as prepared and distributed by the Real Property Tax Services Agency of Suffolk County.

38.          These combined laws, Suffolk County Local Law § 428 and the Town of Southampton Code section 215, collective and individually effectively banish Mr. Moore from the Town of Southampton and the County of Suffolk.  That he may be able to live on an isolated

parcel, without the ability to freely buy and sell real-estate for his own residence or rent in a residence, depending on his choice or economic needs, does not cure the effective banishment.

39.     Pursuant to Suffolk County Local Law § 428 all Level 1, Level II and Level III sex offenders currently registered with the State Division of Criminal Justice Services are prohibited from residing within a quarter mile of the property line of any nursery, elementary, middle or high school; licensed day-care center; or playground.

40.     The Residency Restrictions define "playground" as "any public land designated for recreational or athletic purposes by any school district, library district, or by the County of Suffolk or any town or village located wholly within the County of Suffolk."   There are approximately sixty-seven (67) school districts in Suffolk County.  In all there are at a minimum, 85 pre-schools, 444 schools and at least 1,025 licensed day-care centers in Suffolk County. There appear to be no statistics documenting how many parcels of land in Suffolk County meet the enactment's vague definition of a "playground" which, according to Article I, Chapter § 428, consists of any public land designated for recreational or athletic purpose.

41.     Determining with certainty the "forbidden zones" listed in Suffolk County Local Laws and attempting to map a quarter mile radius around these restricted areas clearly demonstrate the vagueness and lack of specificity with respect to Residency Restrictions as set forth in Suffolk County Local Law § 428.

42.     Pursuant to Suffolk County Local Law § 428, upon information and belief, Mr. Moore is prohibited from residing within a quarter mile radius of schools, hospitals, day-care centers, churches, shopping malls and shopping centers, gyms, playgrounds and/or any building or facility that houses a day-care center or maintains any sort of "public land designated for recreational or athletic purpose."

## STATEMENTS OF CLAIM

### FIRST CAUSE OF ACTION – VIOLATION OF THE EX POST FACTO CLAUSE

43.     Mr. Moore repeats and re-alleges each and every allegation in paragraphs 1 – 42 as is fully set out herein.

44.     Suffolk County Local Law § 428 and The Town of Southampton code section 215, each impose punishment retroactively on Mr. Moore based on convictions for rape and assault, for crimes which occurred nearly 30 years ago.  Mr. Moore's conviction preceded the date of enactment of Suffolk County Local Law § 428 by twenty-six years and the enactment of the Town of Southampton code section 215 by 27 years.  At the time of the ordinances' enactment in February 2006, Mr. Moore was subject to limited supervision or restriction beyond periodic reporting of residence.

45.     Suffolk County Local Law § 428 and Section 215 of Town code are punitive in nature and constitute banishment upon Mr. Moore.

46.     The defendants' enforcement of these laws violates Mr. Moore's rights under the Ex Post Facto Clause of the United States Constitution and therefore cannot stand.

### SECOND CAUSE OF ACTION – VIOLATION OF EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT

47.     Mr. Moore repeats and re-alleges each and every allegation in paragraphs 1-46 as is fully set out herein.

48.     Suffolk County Local Law § 428 and Town of Southampton codes section 215 deny Mr. Moore the equal protection of the law guaranteed by the 14th amendment to the United States Constitution in that the enactments deny a class of persons, "sex offenders" (either category 1, 2 and 3, or 2 and 3), rights otherwise afforded to persons without any rational basis.

Further the legislature is irrationally over inclusive with respect to the goals of the legislation in that it makes no distinction between sex offenders who may be a threat to children or those who are not.

**THIRD CAUSE OF ACTION – VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT – VAGUENESS AND LACK OF NOTICE**

49.     Mr. Moore repeats and re-alleges each and every allegation in paragraphs 1 – 48 as if fully set out herein.

50.     Suffolk County Local Law § 428 and Town of Southampton codes section 215 deny Mr. Moore his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution as the ordinance fails to adequately define the term "reside" as it exists in the statute.  The common understanding of the term "reside" does not provide the necessary specificity to delineate with certainty the bounds of permissible conduct envisioned by the statute.

51.     Further, neither enactment provides any method by which a person can reasonably determine whether or not the home in which he wishes to "reside" is within the proscribed distance from the various "protected areas." Thus the individual cannot reasonably know whether or not he is in violation of either enactment.

52.     The defendants' enforcement of Suffolk County Local Law § 428 and Town of Southampton codes section 215, under color of state law, violated Mr. Moore's rights as guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution in that they are void for vagueness.

**FOURTH CAUSE OF ACTION – VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT – PROCEDURAL DUE PROCESS**

53.     Mr. Moore repeats and re-alleges each and every allegation in paragraphs 1 – 52 as if fully set out herein.

54.     Suffolk County Local Law § 428 and the Town of Southampton code section 215 deny Mr. Moore the right to Procedural Due Process in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as they do not permit an individualized determination of Mr. Moore's risk of harm to children.

55.     The purpose of Suffolk County Local Law § 428 the Town of Southampton codes section 215 purport to be to "protect the children of [Suffolk] County from sex offenders" by taking "all steps necessary to protect the most vulnerable residents of [Suffolk] County." These laws attempt to achieve this result by all registered "sex offenders" from residing within certain defined distances from an school, licensed day-care center or playground.

56.     These laws fail to factor in the New York Sex Offender Registry scheme and instead refuses residence, within the prescribed distances, to all "sex offenders".

57.     Neither enactment permits a review of the explicitly enumerated factors set forth in the recently enacted New York State Executive Laws § 243(4) and § 259(5) and New York State Social Services Law § 20(8)(a).

58.     By failing to provide an opportunity for Mr. Moore, who is not necessarily at risk of offending against children, under the newly enacted guidelines set forth in New York State Executive Laws § 243(4) and § 259(5) and New York State Social Services Law § 20(8)(a), to challenge his banishment under the ordinance, Suffolk County Local Law § 428 and Town of Southampton codes section 215 deny Mr. Moore Procedural Due Process under the Fourteenth Amendment to the United States Constitution.

**FIFTH CAUSE OF ACTION – VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT, SUBSTANTIVE DUE PROCESS—RIGHT TO LIVE WHERE ONE WANTS**

59.     Mr. Moore repeats and re-alleges each and every allegation in paragraphs 1 – 58 as if fully set out herein.

60.     Suffolk County Local Law § 428 and the Town of Southampton code section 215 deny Mr. Moore the right under the 14th amendment to the United States Constitution in that he is being denied his Substantive Due Process right to live where he wants.

61.     The enactments prevent Mr. Moore from residing in the vast majority of the living space in Suffolk County and in the Town of Southampton without any rational basis.  He is relegated to "residing" in small reservations reserved for "sex offenders."

**SIXTH CAUSE OF ACTION – VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT, SUBSTANTIVE DUE PROCESS—RIGHT TO TRAVEL**

62.     Mr. Moore repeats and re-alleges each and every allegation in paragraphs 1 – 61 as if fully set out herein.

63.     Suffolk County Local Law § 428 and Town of Southampton codes section 215, deny Mr. Moore his right to travel interstate and intrastate in violation of the Fourteenth Amendment to the United States Constitution.

64.     The right to travel interstate and intrastate is a fundamental right under the Equal Protection Clause and cannot be infringed by the defendants unless they can demonstrate that these laws are narrowly tailored to further a compelling government interest.

65.     The defendants cannot meet their burden of showing that the laws are narrowly tailored to further a compelling government interest.

66.     The defendants' enforcement of these laws, under color of state law, violated Mr. Moore's fundamental right to travel interstate and intrastate as guaranteed by the Fourteenth Amendment to the United State Constitution.

## SEVENTH CAUSE OF ACTION – VIOLATION OF PREMPTION AND NEW YORK MUNICIPAL HOME RULE LAW

67.     Mr. Moore repeats and re-alleges each and every allegation in paragraphs 1 – 66 as if fully set out herein.

68.     In adopting the Penal Law and the Sex Offender Registration Act, the State of New York has pre-empted the field in establishing penalties for crimes involving sex offenses and for the regulation and monitoring of sex offenders.

69.     The County of Suffolk, in adopting Suffolk County Local Law § 428, and the Town of Southampton by enacting code section 215 have exceeded their authority.

70.     By reason of the foregoing both enactments are unenforceable.

## EIGHTH CAUSE OF ACTION – JUSTICIABLE CONTROVERSY WARRANTING PRELIMINARY INJUNCTIVE RELIEF

71.     Mr. Moore repeats and re-alleges each and every allegation in paragraphs 1 – 70 as if fully set out herein.

72.     Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, Mr. Moore seeks a preliminary injunction, enjoining defendants from enforcing or seeking to enforce the provisions of Suffolk County Local Law § 428.

73.     Mr. Moore asserts, as his basis for injunctive relief pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, the following: (a) Suffolk County Local Law § 428 imposes punishment retroactively on Mr. Moore, as a Registered Sex Offender under SORA, since its

enactment by the Suffolk County Legislature in February 2006; (b) Suffolk County Local Law §
428 denies Mr. Moore his right to travel interstate and intrastate in violation of his Constitutional
rights; (c) Suffolk County Local Law § 428 operates to effectively banish Mr. Moore from the
County of Suffolk and forces him to find residence in other states, cities, towns and villages; (d)
the defendants' enforcement of Suffolk County Local Law § 428, under color of state law,
violates Mr. Moore's right to equal protection as guaranteed by Constitution; (e) Suffolk County
Local Law § 428 denies Mr. Moore Constitutional Due Process by failing to define the term
"reside," and thereby vesting absolute authority and discretion in the defendants to define the
areas within the County of Suffolk where he cannot reside or be present; (f) Suffolk County
Local Law § 428 denies Mr. Moore the right to Procedural Due Process under the Constitution as
the ordinance does not permit an individualized determination of Mr. Moore's risk of harm to
children, as is required by the New York State Executive Law and New York State Social
Services Law; (g) The County of Suffolk, in adopting Suffolk County Local Law § 428, has
exceeded its authority, beyond the express dominance of the Penal Law and the Sex Offender
Registration Act, as the State of New York has pre-empted the field in establishing penalties for
crimes involving sex offenses.

74.     By reason of the foregoing, a justiciable controversy exists between the parties.
Mr. Moore is currently subject, and will continue to be subject to the violation of his
constitutional rights by the defendants' constant and ongoing enforcement of Suffolk County
Local Law § 428.

**WHEREFORE,** Plaintiff demands judgment:

      a. Determining Suffolk County Local Law § 428 and the  Town of Southampton
         codes section 215 to be unconstitutional, illegal, and unenforceable;

b.  Enjoining defendants from enforcing or seeking to enforce the provisions of Suffolk County Local Law § 428 or the Town of Southampton codes section 215;

c.  Restraining defendants from enforcing or seeking to enforce the provisions of Suffolk County Local Law § 428;

d.  Awarding plaintiff compensatory damages for the violations of his rights under the United States Constitution, 42 USC § 1983 and New York State law and

e.  such other and further relief as is just and proper, including costs and reasonable attorneys fees pursuant to 42 U.S.C.S. §1988.

Dated: Garden City, New York
      March 31, 2010

                **QUADRINO & SCHWARTZ, P.C.**

By: _____
            Bruce A. Barket, Esq. (BAB-9906)
            Attorneys for Plaintiff Duane Moore
            666 Old Country Road, Ninth Floor
            Garden City, New York 11530
            (516) 745 0101